**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| DESMOND D. GRIER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CUMBERLAND COUNTY<br>CORRECTIONAL FACILITY,<br><br>　　　　　　Defendant. | Civil Action No. 23-2770 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis.* (ECF No. 1-2.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.　　BACKGROUND**

In his complaint, Plaintiff states that, for two weeks between March 27 and April 10, 2023, he was housed in a unit in the Cumberland County Correctional Facility in which he was exposed to the noxious fumes of another inmate's poor hygiene. (ECF No. 1-1 at 1.) Specifically, Plaintiff

states that another inmate "kept urine in his sink as well as in the toilet" and "smeared [feces] all over his cell and on himself." (*Id.*) According to Plaintiff, when the unit were permitted out of their cells, this unhygienic inmate's cell door would be opened, and the other inmates, Plaintiff included, would have to deal with the "pungent smell" emanating from the cell. (*Id.*) When this other inmate was eventually moved, the jail was forced to have maintenance workers in "hazmat suits" clean the cell and remove the cots in the cell. (*Id.*) Plaintiff believes that his exposure to this other inmate's poor hygiene and the resulting smells violated his right to "be secure in [his] person[.]" (ECF No. 1 at 3.) In his complaint, Plaintiff names a single Defendant – the Cumberland County Correctional Facility, a county jail. (*Id.* at 2.)

## II.   LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed

2

factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his complaint, Plaintiff seeks to bring a civil rights claim based on his having been exposed to the odor of another inmate's bodily fluids while held in the Cumberland County Correctional Facility, a county jail, which he names as the sole Defendant in this matter. A county jail such as the Facility, however, is not a person subject to suit under 42 U.S.C. § 1983. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). As the sole named Defendant in this matter is not a person subject to suit under the statute, Plaintiff's complaint must be dismissed without prejudice at this time. *Id.*

Even had Plaintiff named a proper Defendant, however, his complaint would still fail to state a plausible claim for relief against jail staff as he has failed to plead facts indicating that jail staff were actually responsible for the conditions to which he was subject. Although Plaintiff states that he believes his right to be secure in his person pursuant to the Fourth Amendment was violated, what he actually appears to be attempting to raise is a punitive conditions of confinement claim arising out of the Fourteenth Amendment. To make out such a claim, a plaintiff must plead facts which show that the conditions to which he was subjected were so punitive as to amount to punishment without an adjudication of guilt to support them. *See, e.g., Edwards v. Northampton Cnty.*, 663 F. App'x 132, 135 (3d Cir. 2016). Absent a direct intent to punish, a plaintiff must plead facts indicating that the named defendants were responsible for imposing the punitive conditions insomuch as they were at least deliberately indifferent to them – i.e., that the defendants knew of and disregarded them despite the threat the conditions posed to the plaintiff. *Id.* at 135-36. Even assuming the conditions about which Petitioner complains – being exposed to the odor of another inmates excretions – were sufficiently severe to trigger constitutional analysis, Plaintiff has failed to plead any facts indicating that jail staff were deliberately indifferent to the conditions. Indeed, he specifically pleads that after he verbally brought the issues to the attention of jail staff, they "took action" and "removed the [offending] inmate" and then had his cell cleaned by maintenance staff who even went so far as to remove the cell's cots. (*See* ECF No. 1 at 8; ECF No. 1-1 at 1.) As jail staff did not actually impose the conditions in question – those were caused by the actions of a fellow prisoner, and not staff – and because the staff appear to have addressed the issue when it was brought to their attention, nothing Plaintiff has pled would suggest that staff were deliberately indifferent. Thus, even had Plaintiff named a proper Defendant, he would still fail to state a plausible claim for relief. Thus, Plaintiff's complaint must be dismissed without prejudice in its entirety.

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-2) shall be **GRANTED**, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge